**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**Case No. 25-cr-20546-BLOOM**

UNITED STATES OF AMERICA

v.

CHRISTOPHER CHAUNCEY MANUEL,

    Defendant.

_____/

## ORDER ON MOTION TO DISMISS INDICTMENT

**THIS CAUSE** is before the Court on Defendant Christopher Chauncey Manuel's Motion to Dismiss Indictment ("Motion"), ECF No. [17]. The United States of America (the "Government") filed a Response in Opposition, ECF No. [20]. The Court has carefully reviewed the Motion, the opposing and supporting briefs, the record in this case, the applicable law, and is otherwise fully advised. For the reasons that follow, Manuel's Motion is denied with prejudice.

### I.    FACTUAL BACKGROUND

In December 2025, the Government filed a one-count Indictment charging Manuel with possession of a firearm by a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1). ECF No. [1]. In March 2026, Manuel filed the instant Motion, challenging the constitutionality of § 922(g)(1) as applied to him under the Second Amendment. ECF No. [17].

### II.    LEGAL STANDARD

#### A.  Motion to Dismiss Indictment

An indictment is "a plain, concise, and definite written statement of the essential facts constituting the offense charged." Fed. R. Crim. P. 7(c)(1). For an indictment to be valid, it must "(1) present[ ] the essential elements of the charged offense, (2) notif[y] the accused of the charges to be defended against, and (3) enable[ ] the accused to rely upon a judgment under the indictment

as a bar against double jeopardy for any subsequent prosecution for the same offense." *United States v. Schmitz*, 634 F.3d 1247, 1259 (11th Cir. 2011) (quoting *United States v. Jordan*, 582 F.3d 1239, 1245 (11th Cir. 2009)).

A defendant may challenge an indictment on various grounds, including failure to state an offense, lack of jurisdiction, constitutional reasons, double jeopardy, improper composition of the grand jury, and certain types of prosecutorial misconduct. *See United States v. Kaley*, 677 F.3d 1316, 1325 (11th Cir. 2012); Fed. R. Crim. P. 12(b). On a motion to dismiss the indictment, "[t]he indictment's allegations are assumed to be true and are viewed in the light most favorable to the government." *United States v. Rodriguez*, 635 F. Supp. 3d 1351, 1354-55 (S.D. Fla. 2022). "[A] court ruling on a motion to dismiss may not look beyond the four corners of the indictment, nor may it properly dismiss an indictment for insufficient evidence." *United States v. Baxter*, 579 F. App'x 703, 706 (11th Cir. 2014). Fundamentally, Federal Rule of Criminal Procedure 12(b) allows a Defendant to move to dismiss an indictment where the indictment is insufficient as a matter of law. *United States v. Torkington*, 812 F.2d 1347, 1354 (11th Cir. 1987) (citing *United States v. Korn*, 557 F.2d 1089, 1090–91 (5th Cir. 1977) and *United States v. Cadillac Overall Supply Co.*, 568 F.2d 1078, 1082 (5th Cir. 1978)).

## III.    DISCUSSION

Manuel challenges the constitutionality of 18 U.S.C. § 922(g)(1) as applied to him. *See generally* ECF No. [17]. Manuel's argument is essentially that the Supreme Court's decision in *New York State Rifle & Pistol Association, Inc. v. Bruen*, 597 U.S. 1 (2022) set forth the applicable two-step test for evaluating the constitutionality of firearm regulations. First, the reviewing court is to ask whether "the Second Amendment's plain text covers an individual's conduct." 597 U.S. at 17. If so, the conduct is presumptively protected by the Constitution. *Id*. So, at step two, the government must "justify its regulation by demonstrating that it is consistent with the Nation's

historical tradition of firearm regulation"—that is, the tradition in existence "when the Bill of Rights was adopted in 1791." *Id.* at 24, 37. Only if the Government does so "may a court conclude that the individual's conduct falls outside the Second Amendment's 'unqualified command.'" *Id.* at 24 (quoting *Konigsberg v. State Bar of Cal.*, 366 U.S. 36, 50 n. 10 (1961)).

Under this framework, Manuel contends it is unconstitutional to apply § 922(g)(1) to him. His alleged conduct is covered by the plain text of the Second Amendment, and the government cannot show a consistent American tradition of disarming people with a single conviction for leaving the scene of an accident. ECF No. [17] at 4. But unfortunately for Manuel, binding Eleventh Circuit authority forecloses this argument, affirming that categorical bans on felons possessing firearms do not offend the Second Amendment.

A bit of historical context is helpful. In *District of Columbia v. Heller*, the Supreme Court held that, based on the text of the Second Amendment and United States history, "the Second Amendment conferred an individual right to keep and bear arms." 554 U.S. 570, 594 (2008). This prompted an early challenge to restrictions on felons possessing firearms; in *United States v. Rozier*, a felon challenged § 922(g)(1), arguing that it violated the individual right to bear arms. 598 F.3d 768, 770 (11th Cir. 2010). Unpersuaded, the Eleventh Circuit upheld the restriction, relying on the Supreme Court's statement in *Heller* that "nothing in our opinion should be taken to cast doubt on longstanding prohibitions on the possession of firearms by felons." *Id.* (quoting *Heller*, 554 U.S. at 627). In other words, *Rozier* held that § 922(g)(1) was constitutional. *See id.*

Then came *Bruen* in 2022, which was shortly followed by *United States v. Rahimi*. 602 U.S. 680 (2024). In *Rahimi*, the challenge was to § 922(g)(8), which prohibited those subject to a domestic violence restraining order from possessing a firearm. *Id.* at 684–85. The Supreme Court analyzed in depth the Nation's history of disarming individuals who pose "a clear threat of physical

violence to another." *Id.* at 695–98. Ultimately, using the two-step process described above, the Supreme Court found the statute constitutional. *Id.* at 693.

Those cases prompted a new challenge to § 922(g)(1). In *United States v. Dubois*, a felon challenged § 922(g)(1), arguing that *Bruen* had abrogated *Rozier* such that the Eleventh Circuit should revisit the question of § 922(g)(1)'s constitutionality. 139 F.4th 887, 893 (11th Cir. 2025), *cert. denied*, No. 25-6281, 2026 WL 135685 (U.S. Jan. 20, 2026). Once again unpersuaded, the Eleventh Circuit held that *Bruen* did not abrogate *Rozier* because "*Bruen* repeatedly stated that its decision was faithful to *Heller*," *id.* at 893, and *Heller* had left untouched restrictions on firearm possession by felons. The Eleventh Circuit also found that *Rahimi* did not abrogate *Rozier*—far from it. *Id*. *Rahimi*'s only mention of felons, the *Dubois* court said, was to reiterate *Heller*'s presumptive approval of restrictions on felon possession of firearms. *Id*. (citation omitted). If anything, this reinforces *Rozier*. *Id*. In essence, *Dubois* held that § 922(g)(1) survived *Bruen* and remained constitutional.

Thus, Manuel's argument is foreclosed by Eleventh Circuit precedent, as this Court remains bound by *Rozier*. *See United States v. Gilbert*, Criminal Action No. 21-00110-KD-N, 2023 WL 4708005, at *1 (S.D. Ala. July 24, 2023) (citation omitted) (stating *Rozier* "remains binding precedent in this circuit"), *aff'd*, No. 23-12969, 2025 WL 1683038 (11th Cir. June 16, 2025) (*per curiam*). Indeed, under the prior-precedent rule, the Court is required to follow binding Eleventh Circuit precedent unless the Eleventh Circuit overrules it *en banc* or, alternatively, it is overruled by the Supreme Court. *United States v. Vega-Castillo*, 540 F.3d 1235, 1236 (11th Cir. 2008) (per curiam).

In order for the Court to determine that an intervening Supreme Court decision has overruled an Eleventh Circuit decision, "the Supreme Court decision must be clearly on point."

*Garrett v. Univ. of Ala. at Birmingham Bd. of Trs.*, 344 F.3d 1288, 1292 (11th Cir. 2003) (per curiam). "An intervening Supreme Court decision abrogates [prior] precedent only if the intervening decision is both 'clearly on point' and 'clearly contrary to' [the] earlier decision." *Dubois*, 139 F.4th at 892 (quoting *Edwards v. U.S. Att'y Gen.*, 97 F.4th 725, 743 (11th Cir. 2024)). But the Eleventh Circuit has already ruled that "*Bruen* did not abrogate *Rozier*" and neither did *Rahimi*. *Dubois*, 139 F.4th at 893. Since the Eleventh Circuit has concluded that *Rozier* "has not been clearly overruled or undermined to the point of abrogation, this [C]ourt is bound by that decision's holding that § 922(g)(1) does not violate the Second Amendment." *United States v. Hunter*, 645 F. Supp. 3d 1247, 1254 (N.D. Ala. 2022). Accordingly, Manuel's arguments that the Indictment should be dismissed because it violates the Second Amendment are foreclosed by Eleventh Circuit precedent. As such, his Motion must be denied.

## IV.   CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** that Manuel's Motion to Dismiss Indictment, **ECF No. [17]**, is **DENIED**.

**DONE AND ORDERED** in Chambers at Miami, Florida, on March 24, 2026.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to: counsel of record

5